**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| RONALD FORTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-04353-TWP-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**
**AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner Ronald Fortson's ("Fortson") Motion for relief

pursuant to 28 U.S.C. § 2255.  (Dkt. 1.)  For the reasons explained in this Entry, the Motion must

be **denied** and the action dismissed with prejudice.  In addition, the Court finds that a certificate

of appealability should not issue**.**

## I.  THE § 2255 MOTION

A motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal

prisoner can challenge his conviction or sentence.  *See Davis v. United States*, 417 U.S. 333, 343

(1974).  A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon

the ground that the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28

U.S.C. § 2255(a).  "Relief under this statute is available only in extraordinary situations, such as

an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred

which results in a complete miscarriage of justice."  *Blake v. United States*, 723 F.3d 870, 878-79

(7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v.*

*United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Fortson's conviction was based on the following conduct.  In February 2018, Fortson was on probation and the terms of his probation permitted law enforcement officers to search his person and property at any time. *United States v. Fortson*, 1:18-cr-00063-TWP-MJD-1 (S.D. Ind.) (hereinafter "Crim. Dkt."), (Dkt. 24 at 3.)  During a search of his residence on February 19, 2018, officers discovered an AR15 rifle under Fortson's mattress.  *Id.*  Fortson told the probation officers that his friend had given him the rifle to hold the previous day.  *Id*.  Fortson stated that he took the case holding the gun from his friend's car, carried it into his home, and placed it under his mattress. *Id*.  He stated he never opened the case but was aware that it contained a gun.  *Id.*

Fortson was charged in a one-count Indictment with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  (Crim. Dkt. 3.)  The Court appointed Michael Donahoe from the Federal Community Defender's office to represent Fortson.  (Crim. Dkt. 15.)  On August 8, 2018, Fortson filed a Petition to Enter a Plea of Guilty, without the benefit of a plea agreement. (Crim. Dkt. 20.)  On December 10, 2018, Fortson was sentenced to 37 months' imprisonment, followed by two years of supervised release. (Crim Dkts. 29, 30.)   Fortson did not file an appeal.

On March 7, 2019, Starleana Dollahan, the mother of Fortson's minor child died of a fentanyl/methamphetamine overdose.  (Crim. Dkt. 51-1.)  Fortson submitted two administrative requests for compassionate release under the First Step Act. Crim.  (Dkt. 51-4.)  Those requests were denied by the warden on August 8, 2019, for failure to provide a death certificate, and on November 20, 2019, for failure to provide documentation that the child's mother "was and still is the only family member caregiver capable of caring for the minor child."  (Dkts. 69-2, 69-3.)

On October 25, 2019, Fortson filed the presently pending § 2255 motion.  (Crim. Dkt. 43.)
On February 5, 2020, Fortson also refiled his request for compassionate release under the First
Step Act.  (Crim. Dkt. 50.)  Following an evidentiary hearing on July 10, 2020, the Court granted
Fortson's request for compassionate release and reduced his sentence to time served as of July 13,
2020 and extended the term of his supervised release from two years to three years.  (Crim. Dkt.
79.)  Fortson's § 2255 motion remains presently pending.

### III.  DISCUSSION

Fortson's primary argument is that the judgment in his criminal case, 1:18-cr-00063-TWP-
MJD-1, should be vacated because he was improperly credited for time served in state prison.  For
the reasons below, Fortson's claim is procedurally defaulted, and his petition must be **denied**.

### A.    Ripeness of Fortson's Petition

As a preliminary matter, the Court will address the ripeness of Fortson's § 2255 motion in
light of his recent resentencing under the First Step Act.  Even though Fortson now is on supervised
release and the presently pending § 2255 motion challenges his amount of incarceration time, the
Motion is not moot.  As the Seventh Circuit has said, "[w]hen a former inmate still serving a term
of supervised release challenges the length or computation of his sentence, his case is not moot so
long as he could obtain 'any potential benefit' from a favorable decision." *Pope v. Perdue*, 889 F.3d
410, 414 (7th Cir. 2018) (quoting *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001)).

> It is true that a finding that [the petitioner] spent too much time in prison would not
> automatically entitle him to less supervised release. *United States v. Johnson*, 529 U.S.
> 53, 59-60 ... (2000). Nevertheless, such a finding would carry "great weight" in a
> § 3583(e) motion to reduce [the petitioner's] term [of supervision]. *Id*. at 60 ... This is
> enough.

*Id*. at 414 (citing *United States v. Epps*, 707 F.3d 337, 345 (D.C. Cir. 2013); *Mujahid v. Daniels*,
413 F.3d 991, 994-95 (9th Cir. 2005)).

Fortson's Motion, however, suffers from other fatal flaws.  For the reasons below, the Court finds that Fortson's arguments are procedurally defaulted, and even if they were not, they are without merit.

**B.**     **Fortson's Sentencing Claim**

Although Fortson attempts to characterize his claim as an ineffective assistance of counsel claim, his claim that his attorney failed to argue for a lesser sentence is actually a sentencing claim that is not cognizable on collateral review.  *See Theodorou v. United States*, 887 F. 2d 1336, 1339 (7th Cir. 1989) (holding that the petitioner's sentencing claim raised for the first time in a § 2255 motion was procedurally defaulted).  In his Motion, Fortson does not focus his arguments on alleged deficiency in his counsel's performance, but rather attacks his sentence directly, arguing that "the judge did not consider the previously discharged state prison time when determining the sentence."  (Dkt. 2 at 3.)

"Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted."  *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Hale v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013)); *Massaro v. United States*, 538 U.S. 500, 504 (2003).  A § 2255 petition is not a substitute for direct appeal.  *United States v. Bania*, 787 F.3d 1168, 1172 (7th Cir. 2015); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  However, constitutional claims may be raised for the first time in a collateral attack if the petitioner can show cause for the procedural default and prejudice from the failure to appeal.  *Massaro*, 538 U.S. at 504.  In order to show cause for a procedural default, the petitioner must demonstrate that some objective factor external to the record impeded his efforts to bring a claim on direct appeal.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  If a petitioner is unable to demonstrate both cause and prejudice, he may be able to

obtain habeas review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice – that is, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Here, Fortson's sentencing claim is procedurally defaulted because it could have and should have been raised in the trial court or on direct appeal, and not on collateral review. *Delatorre*, 847 F.3d at 843. By choosing not to appeal, Fortson failed to preserve his sentencing claims. *Id.* Furthermore, even if Fortson could demonstrate cause and prejudice, his claim would be meritless. To the extent that he argues that the Court was not made aware that his state sentence had been fully discharged, his argument is belied by his testimony during his sentencing hearing. (*See* Crim Dkt. 47 at 32-35 (trial court's specific inquiry about Fortson's state imprisonment and Fortson's testimony to the Court that his state sentence had been fully discharged).)

### III.  CONCLUSION

For the reasons explained in this Order, Fortson is not entitled to relief on his § 2255 motion. Accordingly, his Motion for relief pursuant to § 2255, dkt. [1], is **DENIED** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the **Clerk shall docket a copy of this Order in 1:18-cr-00063-TWP-MJD-1.** The Motion to Vacate (Crim. Dkt. 43) shall also be **terminated** in the underlying criminal action.

### IV.  DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255

proceedings, and 28 U.S.C. § 2253(c), the Court finds that Fortson has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date:  3/15/2021

DISTRIBUTION:

Ronald Fortson
407 H Street
LaPorte, Indiana 46350

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
pamela.domash@usdoj.gov

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana